[Civ. No. 10496. First Appellate District, Division Two.—June 28, 1937.]

GOLDEN GATE SIGHTSEEING TOURS, INC. (a Corporation), Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Harry A. Encell for Appellant.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and Milton Marks, for Respondents.

STURTEVANT, J.—The plaintiff filed a complaint asking an injunction against the defendants restraining them from enforcing Ordinance No. 11.01111. The defendants filed a demurrer alleging that the complaint did not state facts sufficient. The demurrer was sustained and from the judgment thereafter entered the plaintiff has appealed.

In its brief the plaintiff makes numerous attacks on the validity of the ordinance. ██ In the brief of the defendants they reply to the attacks so made by the plaintiff and

they state rather fully an additional reply that, "The demurrer was properly sustained regardless of alleged invalidity of the ordinances, on the ground that no property right of plaintiff was being invaded, plaintiff was endeavoring by injunction to stay the operation of an ordinance carrying penalties for infractions, and would have had a plain, speedy and adequate remedy at law had there been any enforcement of the ordinance." As that point seems to be well founded, we will not undertake to discuss the objections made to the provisions of the ordinance.

In its complaint the plaintiff pleaded the ordinance *in haec verba* and also pleaded many of its provisions as to their legal effect. As showing its relation to the ordinance the plaintiff pleaded the following facts: Since May 25, 1936, plaintiff has been a corporation organized to own, operate and rent automobiles, jitney busses, auto trucks, stages and auto stages in the transportation of persons and property as a common carrier over the public highways; and in particular over the streets and highways of the city and county of San Francisco. It is alleged that the incorporators, directors and officers of plaintiff have for many years been engaged in the business of operating auto busses for hire in transporting persons and property in other states and in other cities, but there is no allegation that the plaintiff was ever so engaged in the city and county of San Francisco. It is alleged that the plaintiff's busses are registered under the Vehicle Code and carry licenses and certificates of registration permitting the use thereof in the transportation business, and that plaintiff has paid the license fees provided in the Vehicle Code. It is also alleged that the plaintiff has invested and expended for the purpose of engaging in the transportation business $12,000; but whether said investment covers vehicles used in other places or to be used in San Francisco, or both, does not appear. It is alleged that the plaintiff is financially responsible and that its incorporators are ready, able and willing "to devote a total of $50,000 of their resources, if necessary, in the conduct and operation" of its business in San Francisco. It is further alleged that the plaintiff has complied with the state and federal laws and all municipal ordinances except Ordinance No. 11.01111. In that connection it is alleged that the plaintiff has taken out insurance providing "minimum amounts of recovery: for the injury of any one person

or the death of one person in any one accident, $5,000; for the injury of two or more persons or the death of two or more persons in any one accident, $20,000; for the injury or destruction of property in any one accident, $500." It is not alleged that at any time the plaintiff complied with the provisions of Ordinance 11.01111, but the plaintiff does allege that it is "willing to comply" with such provisions. It is then alleged that on June 15, 1936, the officers of the defendant city stated to the plaintiff that if it transacted business "without first having complied with each and all of the provisions of said ordinance" plaintiff's officers and agents would be arrested and prosecuted. It is then alleged that if they are so prosecuted such acts will be "to the great expense and inconvenience of said plaintiff, its officers and employees, and to the manifest interruption, interference, injury, and irreparable loss to plaintiff and its vested property and property rights."

In 32 Corpus Juris, page 264, Injunctions, section 415, the general rule is stated as follows: "A municipality and its officials will be enjoined from acting under and enforcing a void ordinance, when the proposed enforcement will deprive complainant of his property or property rights and will cause him injury for which he cannot obtain adequate redress in a court of law; or where the illegal action will give rise to a multiplicity of actions at law if it is not prevented, provided there is a community of interest between complainants at least in questions of law and fact upon which the issue depends. Nevertheless, the fact that an ordinance is void is not alone sufficient ground for enjoining its enforcement; other circumstances bringing the case under some recognized head of equity jurisdiction must be shown." The authority of the text rests on a passage in the leading case entitled *Dows* v. *City of Chicago,* 11 Wall. (78 U. S.) 108 [20 L. Ed. 65]. On page 110, Mr. Justice Field, speaking for the court, said: "No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court

of equity can be invoked.'' That passage has been cited and followed many times. (See 7 Rose's Notes, 218.) The cases do not debate the rule but the question has frequently arisen as to what allegations were necessary to show that the pleader had stated a cause of action founded on (1) a multiplicity of suits; (2) or produce irreparable injury; (3) or where the property is real estate, throws a cloud upon the title of the complainant. The plaintiff makes no attempt to plead a cause of action within the first class nor the third class. But it does attempt to plead a cause of action within the second class and the pleader uses the expression ''irreparable injury''. But that expression is not sufficient. In *Mechanics' Foundry* v. *Ryall,* 75 Cal. 601 [17 Pac. (2d) 703, 704], the court said (page 602): '' . . . before a court of equity will interfere to restrain a trespass, it must appear that the injury to result from the trespass will be irreparable in its nature. And it is not sufficient simply to allege that fact, but it must be shown to the court how and why it will be so. 'The mere allegation that irreparable injury will result to the complainant unless protection is extended to him is not sufficient; the facts must be stated, that the court may see that the apprehensions of irreparable mischief are well founded.' (Citing cases.)'' In *Willis* v. *Lauridson,* 161 Cal. 106, at page 117 [118 Pac. 530], the court quoted with approval as follows: ''A complaint for an injunction which does not state facts sufficient to determine how plaintiff's property will be permanently injured by the acts complained of, and which states merely general conclusions, as to multiplicity of suits and irreparable injury, not warranted by any pleading of facts, does not state facts sufficient to constitute a cause of action for equitable relief to enjoin the acts complained of.''

The plaintiff replies by citing and relying on *Bueneman et al.* v. *City of Santa Barbara et al.,* 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R. 895]. It is not in point. In that case it appears from the clear statement of the facts that the plaintiffs were and had been for a long time prior to August, 1933, engaged in the laundry business and a portion of their business was transacted in the city of Santa Barbara. After they had so established said business the ordinance in question was adopted. That is, in the cited case, the plaintiffs showed that they had an established business which

would suffer irreparable injury. The distinction is very material. In *State* v. *Superior Court of Lake County*, 205 Ind. 355 [186 N. E. 310], at page 315, the Supreme Court of Indiana said: "In order to authorize the issuance of an injunction to protect a business or occupation, it is essential for the complaint to show an established business; the mere fact that he is willing to engage in such business is not enough. (*Van der Plaat* v. *Undertakers' & Liverymen's Assn. et al.*, 70 N. J. Eq. 116 [62 Atl. 453]; 32 C. J. 156.)" The trial court did not err in sustaining the demurrer.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1937.