41 Cal.Rptr. 399, 396 P.2d 815]

[L. A. No. 27776. In Bank. Nov. 30, 1964.]

EDWARD PRIVAL, Petitioner, v. WILLIAM J. MOONEY, as Chief of Police, etc., et al., Respondents.

Burton Marks for Petitioner.

Leonard Putnam, City Attorney (Long Beach), and Phil J. Shafer, Deputy City Attorney, for Respondents.

M. Tellefson as Amicus Curiae on behalf of Respondents.

PETERS, J.—Petitioner Edward Prival, individually and as a member and president of Standard Club of Long Beach, seeks a writ of mandate compelling respondents, the Chief of Police of Long Beach and the Los Angeles Superior Court, to take certain actions and refrain from others, all growing out of an action for declaratory relief and injunction filed by petitioner in respondent court. The issues presented in that action involve the interpretation and constitutionality of section 4140.7 of the Long Beach Municipal Code. That section purports to prohibit the playing of any game of chance for money or other evidence of value.

The specific issues raised by the petition and the return to the alternative writ are: (1) Is the Long Beach ordinance void for the reason that the State of California has preempted the field of gambling by the enactment of a general law on the subject? (2) Is that ordinance void by reason of being so vague that persons of ordinary intelligence cannot determine what games are permissible and what games are prohibited? (3) Is panguingui, the particular game involved in the lower court action, a game of chance? (4) Does the present status of the lower court action (now on appeal to the District Court of Appeal, Second Appellate District) operate to deny petitioner the use of the prerogative writ?

We have this day filed our opinion in a companion case (*In re Hubbard, ante,* at p. 119 [41 Cal.Rptr. 393, 396 P.2d

809]) in which the first two questions were answered in the negative. This being so, petitioner's right to the prerogative writ becomes moot, and the question of whether panguingui is a game of chance will be determined in the action pending below.

The alternative writ of mandate is discharged, and the petition is denied.

. Traynor, C. J., Tobriner, J., and Peek, J., concurred.

, McComb, J., and Schauer, J.,* concurred in the judgment.

ⸯ Petitioner's application for a rehearing was denied December 23, 1964. Burke, J., did not participate therein.

42 Cal.Rptr. 836, 399 P.2d 372]

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.