[Civ. No. 28668. Second Dist., Div. Two. Dec. 15, 1964.]

THE CITY OF SANTA MONICA et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; TEE PEE ENTERPRISES, Real Party in Interest.

Robert G. Cockins, City Attorney, Robert D. Ogle, Assistant City Attorney, for Petitioners.

No appearance for Respondent.

William A. Kurlander for Real Party in Interest.

HERNDON, J.—On August 20, 1964, action was commenced by Tee Pee Enterprises, a corporation, doing business as The Plush Poodle, against the City of Santa Monica and

certain of its officials seeking declaratory and injunctive relief, a temporary restraining order, and a preliminary injunction against the enforcement of certain of the city's gambling ordinances. The complaint filed herein alleges that plaintiff has carried on a cocktail lounge and bar business in the City of Santa Monica for many years and now desires to conduct upon its premises a game of cards, commonly called "Panguingui," which would be played for money.

Plaintiff's complaint further alleges that "Panguingui" is not a game prohibited by state law but that it is prohibited by various ordinances adopted by the City of Santa Monica. Among the several ordinances challenged is section 4230C of the Santa Monica Municipal Code which expressly provides: "No person shall operate, maintain or carry on, play at, or participate in, nor permit places owned or controlled by him to be used for playing of 'panguingui', 'pan,' or any similar game." After alleging that the challenged ordinances are unconstitutional and void, the complaint further alleges as follows:

"There is presently pending before the Supreme Court of the State of California the case of *Edward Prival, etc.* v. *William J. Mooney, etc.* (LA 27776) [62 Cal.2d —— (41 Cal.Rptr. 399, 396 P.2d 815)] in which the Supreme Court ' is considering the validity of the gambling ordinances of the City of Long Beach under the provisions of Section 11, Article XI, of the California Constitution, and the defendant herein, the City of Santa Monica, has filed in said matter presently before the Supreme Court, an amicus curiae brief, contending that the ordinances of the City of Long Beach are not unconstitutional and void in violation of said Section 11, Article XI, of the California Constitution."

Plaintiff's complaint then concludes with the allegation that because of the threatened enforcement of Santa Monica's ordinances, it "is unable to determine the legality of conducting a harmless and peaceful social and recreational activity in conjunction with its primary business, and will be unable to determine the legality of the same until the Supreme Court has acted upon the question presently before it. Pending such determination by the California Supreme Court, plaintiff has no adequate or speedy remedy and is entitled to a temporary restraining order and a preliminary injunction as hereinafter prayed."

Plaintiff's complaint contains no allegation whatsoever that awaiting the result of the Supreme Court's decision or the

trial on the merits of its own action would result in any harm to it, irreparable or otherwise. This would appear to be a commendably honest omission from its pleadings, for it appears almost self-evident that a liquor dispensing business which wishes merely to expand its operation into the field of commercial gambling suffers no damage to its *present* business operation by reason of its being required to await the outcome of a trial on the merits of the issue and an ultimate determination of the validity of the ordinance in question.

Nevertheless, and despite plaintiff's failure to allege anything tending to suggest any threat of irreparable damage, following a hearing on August 31, 1964, the court below announced that it would issue a preliminary injunction restraining the defendant city, petitioner here, from enforcing the ordinances in question. The issuance of a formal injunctive order to this effect, however, was stayed to enable petitioner herein to file with this court its application for a writ of prohibition. We granted our alternative writ.

Although an appeal would lie from the effective injunctive order when filed, it would appear that this remedy would be inadequate where, pending the appeal, the city would be restrained from enforcing ordinances whose validity had not yet been determined. Under such circumstances the public interest requires a prompt settlement of the issue whether or not the trial court's threatened action is in excess of its authority in the premises. (Cf. *Crittenden* v. *Superior Court*, 61 Cal.2d 565, 568 [39 Cal.Rptr. 380, 393 P.2d 672].)

Both parties here have observed that numerous actions have been filed in the Superior Court of Los Angeles County challenging, in one fashion or another, the validity of these same ordinances, or those of other cities which contain substantially identical provisions and that certain departments of the Los Angeles County Superior Court have issued, or threatened to issue, preliminary injunctions in these cases, while others have refused to do so. Therefore, we have concluded that regardless of the ultimate decision of the question as to the validity of the ordinances, the situation created by the divergent decisions of the lower courts should not be allowed to continue. The public has been made witness to the anomalous spectacle of one business establishment desiring to conduct the game of ''Panguingui'' upon its premises being subject to criminal prosecution if it attempted to do so, while its identical counterpart across the street was freely engaging

therein with the local authorities enjoined from interfering therewith. Manifestly, such a condition would create confusion in the public mind and would have a natural tendency to create disrespect for law enforcement and of the judicial processes themselves.

Since the hearing which was held before this court in response to our alternative writ and the order to show cause contained therein, our Supreme Court has handed down its decisions in *In re Hubbard*, 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809], and in *Prival* v. *Mooney*, 62 Cal.2d —— [41 Cal.Rptr. 399, 396 P.2d 815], which rejected plaintiff's essential contention in the instant action that the ordinances were invalid because the state had preempted the entire field of gambling. Therefore, petitioner unquestionably is entitled to the peremptory writ requested herein.

However, even in the absence of such a clear and controlling rejection of plaintiff's basic contention herein, we would still have regarded the issuance of a temporary injunction in the present factual context as improper. In *Golden Gate Sightseeing Tours, Inc.* v. *City & County of San Francisco*, 21 Cal. App.2d 582, 586 [69 P.2d 899], (hearing denied), it was held that a complaint which alleged only *a willingness to engage* in a business endangered by the threatened enforcement of an ordinance failed *even to state a cause of action* entitling the plaintiff to injunctive relief.

We need not speculate upon the question whether or not such a strict requirement would be demanded today in instances where a party wishing to engage in a new business or in an extension of his business seeks the issuance of an injunction *after* a trial upon the merits. However, we regard it as beyond question that trial courts should be extremely cautious, and even hesitant and reluctant, when asked to enjoin law enforcement officials from enforcing an ordinance obviously approved and adopted by duly elected representatives of the people for the purpose of promoting and protecting public morality *prior to a trial on the merits*. With all presumptions favoring the validity and constitutionality of the enactments of various legislative bodies, it should be only under extraordinary circumstances that anyone challenging the validity of such a law should immediately be granted the ultimate relief he seeks prior to any trial on the merits.

Even in the case of an ordinary civil action in which no attack is made upon the validity of a duly enacted ordinance, the following apposite comments were made recently in *Para-*

*mount Pictures Corp.* v. *Davis,* 228 Cal.App.2d 827, 838 [39 Cal.Rptr. 791] : "The usual purpose of a temporary injunction is to preserve conditions as they are until after trial and judgment. (Citations.) The within preliminary injunction not only does not preserve the status quo—its effect is to grant to [Respondent] all of the injunctive relief requested in its complaint and to accomplish the main purpose of the action in advance of a trial on the merits. Rarely will such a mandatory injunction issue. (Citations.)"

It would seem reasonable that normally the requirement of a showing of irreparable injury should be applied strictly where a preliminary injunction is sought to thwart enforcement of ordinances whose validity is presumed prior to any effective decision to the contrary. In the instant case, plaintiff-respondent not only has failed to allege any injury of that nature, but in fact has not even represented that it is either suffering, or threatened with, substantial harm of any kind.

Let the peremptory writ of prohibition issue as prayed.

Roth, P. J., and Kincaid, J. pro tem.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.