DURHAM COUNCIL OF THE BLIND FOR ITSELF AND ALL OTHERS SIMILARLY SITUATED v. RUFUS L. EDMISTEN, ATTORNEY GENERAL OF NORTH CAROLINA; MARK G. LYNCH, SECRETARY OF THE DEPARTMENT OF REVENUE OF NORTH CAROLINA; CITY OF DURHAM; RONALD L. STEPHENS, DISTRICT ATTORNEY FOR THE FOURTEENTH PROSECUTORIAL DISTRICT; STATE OF NORTH CAROLINA

No. 8510SC431

(Filed 4 February 1986)

1. Injunctions § 5.1— operating bingo games without license—action for injunction proper

Though the general rule is that equity will not restrain the enforcement of a statute providing a criminal penalty for its violation, an exception to this rule is that the court has jurisdiction to enjoin the enforcement of an alleged unconstitutional statute when it plainly appears that otherwise property rights will suffer irreparable injury which is both great and immediate if the enforcement of the statute is not enjoined; therefore, plaintiff could properly bring an action to restrain defendants from prosecuting plaintiff for operating bingo games without a license where plaintiff alleged that it was a charitable organization which had been denied a license to continue to operate bingo games, and plaintiff would not be able to operate such games which had provided it with income unless the people operating the games were willing to subject themselves to at least one prosecution for a felony.

2. Gambling § 4— bingo games—licensing requirements not unconstitutional

There was no merit to plaintiff's contention that certain of the licensing requirements for conducting bingo games were unconstitutional as applied to plaintiff and that defendant Secretary of Revenue should be required to issue a license to it, since a reading of the requirements to be classified as one who conducts a bingo game shows that the State intends that most of the money earned by an exempt organization be used for a charitable purpose, this is a purpose which is within the State's power to reach, and restrictions on the use of leased buildings and prohibitions against subleasing and contracting with anyone to conduct bingo games are reasonably related to the accomplishment of this goal. N.C.G.S. 14-309.7(c).

APPEAL by the plaintiff from *Hobgood, Judge*. Judgment entered 15 January 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 29 October 1985.

The plaintiff brought this action to restrain the defendants from prosecuting the plaintiff and all other organizations similarly situated who are not able to comply with the provisions of G.S. 14-309.7 and 309.8. The record does not show that the plaintiff was certified to represent a class. The plaintiff alleged that it is a

charitable organization which has been denied a license to continue to operate bingo games. It alleged further that the licensing statute for bingo games unconstitutionally discriminates against the plaintiff because there is not a rational basis for the class which is allowed to conduct bingo games in this state.

The court entered a temporary restraining order and a preliminary injunction restraining the defendants from prosecuting the plaintiff. After a hearing on the merits of the case the court dissolved the injunction and dismissed the action. The plaintiff appealed.

*Blanchard, Tucker, Twiggs, Earls & Abrams, P.A., by Howard F. Twiggs and George E. Kelly III, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General David S. Crump and Assistant Attorney General Newton G. Pritchett, Jr., for defendant appellees.*

WEBB, Judge.

[1] The first question posed by this appeal is whether the plaintiff may proceed by a civil action for an injunction against the enforcement of a criminal statute. G.S. 14-309.5 provides that it is a Class H felony to operate a bingo game without a license. The plaintiff seeks to avoid prosecution under this statute. The general rule is that equity will not restrain the enforcement of a statute providing a criminal penalty for its violation. *D & W, Inc. v. Charlotte*, 268 N.C. 577, 151 S.E. 2d 241, *supplemental opinion*, 268 N.C. 720, 152 S.E. 2d 199 (1966). An exception to this rule is that the court has jurisdiction to enjoin the enforcement of an alleged unconstitutional statute when it plainly appears that otherwise property rights will suffer irreparable injury which is both great and immediate if the enforcement of the statute is not enjoined. *Walker v. Charlotte*, 262 N.C. 697, 138 S.E. 2d 501 (1964). In this case the plaintiff will not be able to operate bingo games which have provided it with income unless the persons operating the games are willing to subject themselves to at least one prosecution for a felony. We hold the superior court had jurisdiction to hear this case. *See Roller v. Allen*, 245 N.C. 516, 96 S.E. 2d 851 (1957).

[2] The plaintiff concedes that playing bingo is gambling and it does not have a constitutional right to operate a bingo game. It

argues that the General Assembly has by G.S. 14-309.6(1) defined exempt organizations which are allowed to conduct bingo games upon procuring a license to do so. It contends that it is an exempt organization and the licensing requirements which it cannot meet create a class which has no rational basis. It says we should hold that certain of the licensing requirements are unconstitutional as applied to the plaintiff and that the defendant Lynch should be required to issue a license to it.

G.S. 14-309.7(c) provides that if an exempt organization leases a building in which to conduct bingo games (1) it must lease it for one year and actually occupy and use it on a regular basis for six months before a bingo game is conducted; (2) the total monthly rent must not exceed 1½% of the total assessed ad valorem tax value of the property; (3) no subleasing is permitted; and (4) the exempt organization may not contract with any person for the purpose of conducting a bingo game. G.S. 14-309.8 provides that no more than two sessions of bingo may be conducted in one week and they must be conducted by the same exempt organization. The plaintiff says it cannot meet these conditions and is excluded under the law from conducting bingo games. It contends that these conditions create a class which has no rational basis and is unconstitutional.

The Fourteenth Amendment to the United States Constitution and Article I Sec. 19 of the Constitution of North Carolina provide that no person shall be deprived of the equal protection of the laws. These constitutional provisions require that if a class is created there must be a reasonable basis for such classification and the consequent difference in treatment under the law. This means that the creation of the class must be reasonably related to the accomplishment of some purpose which the legislature has the power to reach. *See Hursey v. Town of Gibsonville*, 284 N.C. 522, 202 S.E. 2d 161 (1974). All parties agree that no one has the right to conduct bingo games and that the state has the right to create a class which may do so.

A reading of the requirements to be classified as one who conducts a bingo game shows that the State intends that most of the money earned by an exempt organization be used for a charitable purpose. The General Assembly legislated to this end when it prohibited the use of a leased building if the rent exceeds 1½% of the assessed tax value of a building and when it prohibited sub-

leasing and the contracting with anyone to conduct bingo games. We believe this is a purpose which is within the State's power to reach and the requirements are reasonably related to the accomplishment of this goal. The State contends that the requirement that a building be leased for at least one year and be used for a purpose other than bingo for six months prior to the operation of a bingo game is to insure that only those exempt organizations which have roots in a community be allowed to operate bingo games. We hold that this requirement is reasonably related to a legitimate state interest. We also hold that the requirement that not more than two games a week may be held in a building and that the same exempt organization must conduct the games are reasonably related to a legitimate interest that bingo games not be operated by full time professionals for profit. We hold that the criteria which the plaintiff attacks as creating an unconstitutional class are reasonably related to the accomplishment of a legitimate purpose. It was not error to dissolve the preliminary injunction and dismiss the action.

Affirmed.

Judges BECTON and COZORT concur.