DURHAM HIGHWAY FIRE PROTECTION ASSOCIATION, INC., AND FURINA RESCUE, INC. v. JOHN H. BAKER, JR., SHERIFF OF WAKE COUNTY AND J. RANDOLPH RILEY, DISTRICT ATTORNEY FOR THE TENTH PROSECUTORIAL DISTRICT

No. 8610SC86

(Filed 19 August 1986)

Gambling § 1— bingo — prohibition on two sessions within 48 hours — constitutional
    The prohibition of N.C.G.S. § 14-309.8 against two sessions of bingo within a 48-hour period was constitutional because the meaning of "sessions" within the context of the statute as a whole is quite plain to anyone of common understanding, and the First Amendment right to free speech was not violated because the statute does not impinge upon plaintiffs' right to solicit contributions from whomever they desire.

APPEAL by plaintiffs from *Barnette, Judge.* Order entered 19 August 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 16 May 1986.

*Boyce, Mitchell, Burns & Smith, by Susan K. Burkhart, for plaintiff appellants.*

*No brief filed by defendant appellee John H. Baker, Jr.*

*Attorney General Thornburg, by Assistant Attorney General Newton G. Pritchett, Jr., for defendant appellee J. Randolph Riley.*

PHILLIPS, Judge.

When this action was filed each of the plaintiffs, as an "exempt organization" under G.S. 14-309.6(1), was licensed to conduct bingo games and each had been conducting its games immediately after the games of another exempt organization in the same build-

ing. On 13 August 1984 the defendant Sheriff advised each of the plaintiffs that conducting two sessions of bingo during a 48-hour period violated G.S. 14-309.8 and that future violations would result in prosecution. Plaintiffs sued to declare the cited statute unconstitutional and obtained orders temporarily and preliminarily restraining the defendants from arresting or prosecuting them because of the violations alleged. Later, pursuant to defendants' motion, an order of summary judgment was entered dissolving the injunction and dismissing plaintiffs' action. The only question presented by plaintiffs' appeal is the constitutionality of the emphasized portion of G.S. 14-309.8, which reads as follows:

> The number of sessions of bingo conducted or sponsored by an exempt organization shall be limited to two sessions per week and such sessions must not exceed a period of five hours each per session. *No two sessions of bingo shall be held within a 48-hour period of time.* No more than two sessions of bingo shall be operated or conducted in any one building, hall or structure during any one calendar week and if two sessions are held, they must be held by the same exempt organization. This section shall not apply to bingo games conducted at a fair or other exhibition conducted pursuant to Article 45 of Chapter 106 of the General Statutes. (Emphasis supplied.)

Plaintiffs contend on appeal, as they alleged in the complaint, that the 48-hour proviso violates the due process, free speech, and equal protection of the law guarantees contained in both the United States and North Carolina Constitutions. These contentions have no merit and require little discussion.

The theory of plaintiffs' due process claim is that the statute is too vague to be generally followed or enforced because the words "session" and "sessions" are not defined by the statute and can mean different things to different people. But in the context of the statute as a whole, which is what we are concerned with, the meaning of these words is quite plain to anyone of common understanding and the statute is not unconstitutionally vague. *State v. Lowry and State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870 (1965). A "session" of bingo as used in the statute means a period of time in which bingo is conducted or sponsored by a particular exempt organization in one location, and "sessions" is more than

one session. Thus, it is quite clear that plaintiffs were violating the statute by conducting a bingo session immediately after a similar session by another organization at the same location. The First Amendment free speech theory is that since plaintiffs raise money for charity through bingo limiting them to one session of bingo during a 48-hour period unduly restricts their right to solicit charitable contributions. While soliciting contributions is certainly protected by the First Amendment, *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 63 L.Ed. 2d 73, 100 S.Ct. 826, *reh. denied*, 445 U.S. 972, 64 L.Ed. 2d 250, 100 S.Ct. 1668 (1980), this statute does not impinge upon plaintiffs' right to solicit contributions, charitable or otherwise, from whomever they desire. The statute restricts only the conducting of bingo, which is gambling, and no one has a constitutional right to operate a gambling business. *Marvin v. Trout*, 199 U.S. 212, 50 L.Ed. 157, 26 S.Ct. 31 (1905). The equal protection argument is that the 48-hour provision creates a favored and unfavored class because the first organization to conduct its bingo session in a given location during that period is not subject to prosecution but the second organization is, and that no rational basis exists for creating these two classes. Statutes are always creating classes and making distinctions, and it is lawful to do so as long as the distinction is reasonably related to the accomplishment of a purpose that the Legislature has the power to reach. *Durham Council of the Blind v. Edmisten*, 79 N.C. App. 156, 339 S.E. 2d 84 (1986). Obviously, one purpose of the distinction in question, a laudable and proper one, is to limit gambling, an offense against public morals when not conducted as the statute specifies. G.S. 14-292; G.S. 14-309.12. Except for this or some similar limitation licensed bingo, instead of providing brief and occasional opportunities for harmless recreation, could fill the weekends of many people to their ruinous cost in money and otherwise.

Affirmed.

Judges MARTIN and PARKER concur.