## CIRCUIT COURT OF FAIRFAX COUNTY

Vegas Time Associates, Inc.

v.

John E. Granfield

Case No. (Chancery) 106717

Vegas Casinos Management

v.

Commonwealth of Virginia et al.

Case No. (Chancery) 106718

May 18, 1988

By JUDGE RICHARD J. JAMBORSKY

These matters are before the Court on two separate motions filed by Complainants, each of whom seek a temporary injunction pursuant to Virginia Code § 8.01-620 *et seq.* (Repl. Vol. 1984). The Court has carefully reviewed the pleadings, briefs and oral arguments of counsel, as well as the applicable legal authority as the Court determines it to be. For the reasons specified below, Complainants' motions are denied.

Although Complainants' motions were filed separately, their joint net effect is a request that both defendants, the Chief of the Fairfax County Police Department and the Commonwealth's Attorney for Fairfax County, be prevented from interfering with Complainants' business of providing simulated blackjack entertainment in local commercial establishments. Specifically, Complainants ask that Defendants be enjoined from criminally charging and prosecuting

under the gambling provisions of the crimes code, Virginia Code § 18.2-325 *et seq.* (Repl. Vol. 1982 and Supp. 1987), certain local hotels with which Complainants have contracts to provide such services. They argue that Defendants' actions, based on an erroneous interpretation of § 18.2-325, have caused and will continue to cause irreparable injury by way of lost profits and business opportunities, as well as incurred expenses, for which no adequate remedy at law exists. Consequently, Complainants argue that a temporary injunction ought to issue, at least until the applicability of § 18.2-325 can be finally determined as requested by their respective motions for declaratory judgment.

Although the Court understands and appreciates Complainants' predicament, it is not persuaded that it should grant the relief sought. It is a general and well-established rule in American jurisprudence that equity will not operate to enjoin the police or other law enforcement officials from enforcing the criminal law or restrain them from performing their official duties. 42 Am. Jur. 2d *Injunctions,* § 181; 10A M.J., *Injunctions,* § 28. Although there is a conflict of authority as to whether a court of equity may grant an injunction when such officials err in their interpretation of law and threaten enforcement in accordance with that interpretation, by and large the question turns on whether the statute sought to be applied is void or unconstitutional on its face, or whether the officials are acting beyond the scope of their authority or in bad faith. *See* and *compare D. & W., Inc. v. City of Charlotte,* 151 S.E.2d 241 (N.C. 1966), and *Crittenden v. Superior Court of Mendonico County,* 393 P.2d 692 (Cal. 1964); *see also Yoder v. Givens,* 179 Va. 229 (1942) (affirming refusal to enjoin state veterinarian from testing and slaughtering cattle, a discretionary decision and lawful performance by such an executive officer). No such allegations have been made in the cases at bar.

In their essentials, the cases presently before the Court fall squarely within the analytical approach used in *D. & W., Inc. v. City of Charlotte,* 151 S.E.2d 241 (N.C. 1966). In that case, a restaurant owner sought to enjoin local officials from enforcing a North Carolina liquor control law which the officials maintained prohibited restaurant patrons from carrying small quantities of tax

paid liquor to the complainant's establishment. In support of their request for injunctive relief, complainant challenged, not the validity of the statute, but the officials' interpretation of its applicability. In refusing to issue an injunction, the court relied on the rule that equity will not interfere with the enforcement of the criminal law. Although the complainant asserted that the officials' erroneous interpretation of the law adversely affected their business and profits, and that there was no adequate remedy at law available, the court found his loss to be merely consequential. In reaching this result, the court noted that the only exception to the general rule that equity will not enjoin enforcement of the criminal law is if the statute sought to be enforced is unconstitutional and void, and its enforcement would result in great and immediate irreparable injury to property rights if enforcement were not enjoined. *Id.* at 245. The fact that one may experience some pecuniary loss alone is not the test. *Id.* at 246.

Although not binding on this Court, *D. & W.* is persuasive authority and is in accord with the practice in the majority of jurisdictions. *See, e.g., Veterans of Foreign Wars v. Sweeney,* 111 N.E.2d 699 (Ohio 1952), *Durham Council of the Blind v. Edmisten,* 339 S.E.2d 84 (N.C. App. 1986), and *Grove Press, Inc. v. Evans,* 312 F. Supp. 614 (E.D. Va. 1970). Moreover, given the decision in *Yoder v. Givens,* 179 Va. 229 (1942), this Court is of the opinion that the principles enunciated in *D. & W.* would be embraced by our own Supreme Court. But as a matter of public policy, this Court will not enjoin the Chief of Police or the Commonwealth's Attorney from performing their constitutional duties unless the exception to the general rule that equity will not enjoin the enforcement of the criminal law is otherwise applicable.

For the foregoing reasons, Complainants' motions are denied. However, given the importance of the issues in relation to Complainants' business activities and contractual arrangements, the Court instructs the parties to schedule a hearing on the Complainants' motions for declaratory judgment as expeditiously as possible.