## THE TOWN OF LINDEN AND OTHERS v. PETER FISCHER.[1]

January 26, 1923.

No. 23,224.

**Public dances subject to regulation.**

1. Public dance halls or public dances at which congregate an indiscriminate gathering of bystanders and participants, are subject to regulation and control by the state, or by a municipal subdivision thereof to which the right of control is delegated by legislation.

**Town by-law valid.**

2. A town by-law enacted under the authority granted by chapter 478, Laws 1921, is valid and effective as such regulation.

[1] Reported in 191 N. W. 901.

Violation of restraining order may be punished as contempt.

3. A restraining order embodied in an order to show cause why temporary injunction should not issue to hold matters in abeyance pending the action has the same force and effect as a temporary injunction, and a violation thereof may be punished as a contempt of court.

Acts which will create a public nuisance may be enjoined.

4. An injunction may issue to restrain threatened acts which, if committed, would amount to or create a public nuisance, although a crime would thereby also be committed.

Temporary injunction against holding dances without license justified.

5. The evidence justified the trial court in finding defendant guilty of a violation of the restraining order issued in the action, and also in granting a temporary injunction restraining defendant from giving or holding public dances in the town, without license and in violation of a town by-law, pending the final determination of the action.

Action in the district court for Brown county to restrain defendant from operating a public dance hall. From an order granting a temporary injunction and from an order, Olsen, J., adjudging defendant guilty of contempt, he appealed. Affirmed.

*C. J. Laurisch* and *Regan & Grogan,* for appellant.

*Mueller & Streissguth,* for respondents.

BROWN, C. J.

The town board of supervisors of the town of Linden in Brown county, acting under the authority conferred by chapter 478, p. 794, Laws 1921, on May 17, 1922, duly enacted a town by-law prohibiting the maintenance of public dance halls within the town, except when thereto licensed as therein provided. Subsequent to the enactment of the by-law a license was issued to defendant in this cause, thereby extending to him the right to conduct a public dance hall upon premises owned by him within the town for the term of one year from June 1, 1922. Defendant operated thereunder during the month of June, but on the twenty-seventh thereof the town board, for reasons deemed sufficient, revoked and canceled the license, of which defendant was duly advised. The revocation in the manner

stated is authorized by the statute and thereunder the board acted in withdrawing the license privilege. Notwithstanding the revocation defendant announced his determination to continue the dances at his place, and called one for July 2, 1922. Whereupon the town board brought this action to restrain the same, and to restrain and enjoin any other public dances at defendant's place at any time in the future. At the commencement of the action plaintiff procured from the court below an order to show cause why a temporary injunction should not issue restraining such dances pending the action; a restraining order so providing being incorporated in the order to show cause to be effective pending the hearing and determination thereof. The order was duly served on defendant, but, in total disregard of the restraining order therein, he held the dance advertised for July 2, and entertained those who attended the same. He was thereupon cited before the court in contempt proceedings for disobedience of the restraining order. The order was returnable for hearing on the merits on July 12, 1922, the day set for the hearing on the application for a temporary injunction. The defense interposed by defendant to the contempt proceeding was that his wife gave the dance in question, and that he took no part therein. He opposed the issuance of a temporary injunction on the ground that a violation of the town by-law, by giving the dances, constitutes a criminal offense which will not be restrained in equity.

After due hearing in both matters the court below found defendant guilty of violating the restraining order, overruling the contention that the offense was committed by the wife, and imposed for the contempt a fine of $50 or a term of 30 days in jail. At the same time a temporary injunction was issued restraining further dances pending the litigation. Defendant appealed from both orders.

The assignments of error present the questions:   (1) Whether the evidence justified the finding of a violation of the restraining order by defendant; and (2) whether there was error in granting the temporary injunction.

1.  The court has authority and jurisdiction to grant in a particular case a restraining order holding matters in abeyance pend-

ing an application for a temporary injunction. And when so issued it has the same legal force and effect, during the period for which it was issued, as the temporary injunction. 22 Cyc. 745. A violation thereof may be punished in contempt proceedings, precisely as the violation of a temporary or permanent injunction may be punished. The evidence submitted to the trial court in the form of affidavits fully supports the conclusion of the trial court that defendant committed the offense of a violation of the order, and not his wife.

2. The statute in question and the town by-law enacted by its authority have for their foundation and support the police power of the state, always available in furtherance of the general public welfare. That public dance halls, carnivals, shows, pool and billiard halls, at which congregate indiscriminate assemblies of people as spectators or participants, are subject to regulation and control under that power, and in the interest of public morals, there can be no serious question. Improperly managed and conducted they are breeders of vice and wickedness, and constitute a public nuisance, and may be either wholly prohibited or licensed and subjected to police supervision, as the legislative department may determine. State v. Rosenfield, 111 Minn. 301, 126 N. W. 1068, 29 L. R. A. (N. S.) 331, 137 Am. St. 557. And although equity will not ordinarily, by injunction or otherwise, restrain the commission of a crime, it will thus interpose its authority in those cases where the threatened act or conduct of the party will amount to a continuing public nuisance as well as a crime. Such would be the result of repeated violations of the by-law in question. It prohibits public dances without a license, and a violation thereof would constitute a crime; at the same time amounting to a continuous public nuisance. In that situation the punishment imposed, generally that applied to misdemeanors, would usually be wholly ineffective and of no deterrent effect; while the strong arm of equity would result in the complete suppression of the evil sought to be avoided. The uniform trend of the authorities supports this view of the law. State v. Marshall, 100 Miss. 626, 56 South. 792, Ann. Cas. 1914A, note 440; State v. Canty, 207 Mo. 439, 105 S. W. 1078, 15 L. R. A. (N. S.) 747, 123 Am. St. 393, 13 Ann. Cas., note on page 794.

The facts here presented fully justified the court below in extending the relief, and the order granting a temporary injunction restraining dance hall operations pending the litigation was proper and must be sustained.

The orders appealed from are therefore in all things affirmed.