[Civ. No. 42897. Second Dist., Div. Two. Aug. 9, 1974.]

7978 CORPORATION, et al., Plaintiffs and Respondents, v.
PETER PITCHESS, as Sheriff, etc., Defendant and Appellant.

**COUNSEL**

John H. Larson, County Counsel, and Frederick R. Bennett, Deputy County Counsel, for Defendant and Appellant.

Ronald E. Landers for Plaintiffs and Respondents.

**OPINION**

**FLEMING, J.**—Peter Pitchess, Sheriff of the County of Los Angeles, appeals a preliminary injunction[1] restraining him from enforcing sections 2061 and 2861 of county Licensing Ordinance No. 5860 against plaintiffs 7978 Corporation, doing business as The Middle Earth, and Jack

---

[1] An order granting a preliminary injunction is appealable. (Code Civ. Proc., § 904.1; *Capitol Records, Inc.* v. *Erickson,* 2 Cal.App.3d 526 [82 Cal.Rptr. 798, 40 A.L.R.3d 553], cert. den. (1970) 398 U.S. 960 [26 L.Ed.2d 545, 90 S.Ct. 2176].

Devine, its president. At issue are the appropriateness of preliminary injunction as a remedy and the constitutionality of the licensing sections under attack.

The Middle Earth is a business establishment open to the public and licensed (1) to carry on the business of offering a facility for public ballroom dancing (dance license), and (2) to provide live entertainment to the public (entertainment license).

The challenged sections of Ordinance No. 5860 read:

1. "CHAPTER X. DANCE LICENSES

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"*Section 2061. Hours.* No dancing may be conducted in an establishment licensed pursuant to this Chapter between the hours of 2:00 a.m. and 6:00 a.m."

2. "CHAPTER XVII. ENTERTAINMENT LICENSES

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"*Section 2861. Hours.* No entertainment of any sort other than mechanical music may be conducted in an establishment for which this Chapter requires a license between the hours of 2:00 a.m. and 6:00 a.m."

Plaintiffs, desirous of permitting dancing and presenting entertainment between 2 a.m. and 6 a.m., brought this action for declaratory and injunctive relief, contending that the two sections violated their state and federal constitutional rights to equal protection, due process, freedom of assembly, privacy, the enjoyment of life and liberty, the acquisition and possession of property, the operation of a lawful business, and the pursuit of happiness. Plaintiffs also claimed unlawful discrimination in favor of persons engaging in private home dancing and home entertainment. In the trial court plaintiffs argued that unless defendants were enjoined, arrests for violations of the unconstitutional sections would occur, thereby resulting in a multiplicity of prosecutions for which they had no adequate legal remedy and causing them irreparable injury.

The trial court ruled: "The preliminary injunction is granted. This ruling upon the application for a preliminary injunction does not constitute a final determination of the merits of this matter, of course, and the Court recognizes the limited extent of its ruling. *State Board of Barber Examiners*

v. *Star* (1970) 8 Cal.App.3d 736 [87 Cal.Rptr. 450]. However, the Court is persuaded concerning the unenforcibility of Sections [2061] and 2861 of Ordinance 5860 by the reasoning on a similar problem set out in *In re Hall* (1920) 50 Cal.App. 786 [195 P. 975]."

I

■ To qualify for preliminary injunctive relief plaintiffs must show irreparable injury, either existing or threatened. (*City of Santa Monica* v. *Superior Court*, 231 Cal.App.2d 223, 227 [41 Cal.Rptr. 824].) ■ In this cause plaintiffs have failed to show any pressing injury that would result from delay in obtaining relief; rather they have merely asserted their desire to engage in the business of conducting dancing and presenting entertainment during hours prohibited under the licensing ordinance.

■ Additionally, preliminary injunction is not an appropriate remedy "[t]o prevent the execution of a public statute, by officers of the law, for the public benefit" or "[t]o prevent the exercise of a public or private office, in a lawful manner, by the person in possession." (Civ. Code, § 3423; Code Civ. Proc., § 526.) While these general strictures do not preclude the issuance of preliminary injunctive relief when the constitutionality of a statute or ordinance is challenged, nevertheless, ". . . . trial courts should be extremely cautious . . . to enjoin law enforcement officials from enforcing an ordinance obviously approved and adopted by duly elected representatives of the people for the purpose of promoting and protecting public morality *prior to a trial on the merits.*" (Italics in original.) (*City of Santa Monica* v. *Superior Court, supra*, at 226.)

■ In the absence of any showing of extraordinary circumstances, we conclude that issuance of the preliminary injunction was improper.

II

■ Both sides have briefed the constitutional question here, and in view of the request for declaratory relief on an issue which appears to us relatively narrow we think it appropriate to give our opinion on the merits of the claim.

The county enacted Ordinance No. 5860 pursuant to its general authority under the police power to regulate certain activities in the public interest. (Cal. Const., art. XI, § 7; *McKay Jewelers, Inc.* v. *Bowron,* 19 Cal.2d 595, 600 [122 P.2d 543, 139 A.L.R. 1188].) Public places of amusement and entertainment furnish an appropriate sphere for the exercise of this police power, and the broad authority to regulate such places is readily distinguishable from the very limited authority to regulate places of private

amusement and of private entertainment. (*In re Hall*, 50 Cal.App. 786, 788, 792 [195 P. 975]; *Pavilion Ice Rink* v. *Bryant*, 58 Cal.App. 584 [209 P. 76]; *Dwyer* v. *People* (1927) 82 Colo. 574 [261 P. 858]; *Bungalow Amusement Co.* v. *City of Seattle* (1928) 148 Wash. 485 [269 P. 1043, 60 A.L.R. 166]; *State* v. *Loomis* (1925) 75 Mont. 88 [242 P. 344]; *Town of Linden* v. *Fischer* (1923) 154 Minn. 354 [191 N.W. 901]; *Mehlos* v. *City of Milwaukee* (1914) 156 Wis. 591 [146 N.W. 882]; *State* v. *Armstrong* (1928) 217 Ala. 564 [117 So. 187]; *City of Chicago* v. *Green Mill Gardens* (1922) 305 Ill. 87 [137 N.E. 126]; *Pughe* v. *Lyle* (N.D.Cal. 1935) 10 F.Supp. 245, 248.)

■  The reasonableness of regulation under the police power is dependent upon the nature of the business being regulated and the degree of threat that the operation of such business presents to the tranquility, good order, and well-being of the community at large. So long as a "patent relationship between the regulations and the protection of the public health, safety, morals, or general welfare" exists, the regulations will be considered reasonable. (56 Am.Jur.2d, Municipal Corporations, § 474, p. 526; *Sunset Amusement Co.* v. *Board of Police Commissioners*, 7 Cal.3d 64, 72 [101 Cal.Rptr. 768, 496 P.2d 840]; *Phillips* v. *Bd. of Police Commissioners*, 240 Cal.App.2d 410, 412 [49 Cal.Rptr. 490].) ■  This general rule of reasonableness controls our review of municipal regulation of a commercial enterprise operated primarily for the amusement of its patrons. (*Sunset Amusement Co.* v. *Board of Police Commissioners, supra,* at pp. 72-75.) With respect to the subject matter of the regulation here, i.e., closing hours, "the right to regulate hours of closing of such business as public dance halls and similar public exhibitions at reasonable hours has long been recognized and is universally supported." (*Pughe* v. *Lyle* (N.D.Cal. 1935) 10 F.Supp. 245, 248.)

We cannot say that the closing hours imposed on plaintiffs' business are arbitrary or unreasonable. The county could justifiably conclude that public dancing and public entertainment "at such late hours would tend to attract and congregate evilly disposed persons at hours when the [county] would be least prepared with police to guard against the acts of such persons." (*City of Chicago* v. *Green Mill Gardens, supra* (1923) 137 N.E. 126, 128.) The county could also conclude that during a portion of the 24-hour day the desires of those who seek to present public entertainment around the clock should yield to the wishes of those who seek peace and quiet in the small hours of the morning. As further evidence of the reasonableness of the regulated hours, we note that the closing hours correspond precisely with the hours during which alcoholic beverages may not be sold. (Bus. & Prof. Code, § 25631.)

The trial court's reliance on *In re Hall*, 50 Cal.App. 786 [195 P. 975], was misplaced. In that case an ordinance prohibited both public and private dancing and all dance music between the hours of 10 p.m. and 8 a.m. within 25 feet of any building used as a residence. The court said: "The ordinance does not . . . differentiate between public dance halls— admittedly proper subjects for reasonable regulation in the exercise of the police power—and rooms in private homes wherein dancing may be conducted or dance-music performed for the amusement and enjoyment of the householders, members of their families and guests. . . ." (50 Cal. App. at 787-788.) The court concluded that "total prohibition . . . of these innocent amusements, during any of the twenty-four hours, is an arbitrary and unreasonable invasion of *private* rights." (Italics added.) (50 Cal.App. at 792.) By contrast the cause at bench involves regulation of public dance halls and of public places of entertainment, a regulation which produces no invasion of privacy comparable to that proscribed in *Hall*.

Plaintiffs point to other commercial enterprises whose hours of business are not regulated by the county. But the county could justifiably conclude that by reason of particular circumstances of noise and public congregation the activities that accompany plaintiffs' type of business present special problems that require special regulation. (See *Blinder* v. *Division of Narcotic Enforcement*, 25 Cal.App.3d 174, 184-185 [101 Cal.Rptr. 635].) In *Cossack* v. *City of Los Angeles*, 11 Cal.3d 726 [114 Cal.Rptr. 460, 523 P.2d 260], the Supreme Court concluded that prohibition of a game of skill (pinball) in public places was arbitrary when that game of skill was singled out from all other games of skill for prohibition. At bench we are concerned with regulation, not prohibition, and with an entire class of commercial establishments, not an arbitrarily selected group within a class.

Plaintiffs assert that the dancing and entertainment provisions of Ordinance No. 5860 contain an inherent contradiction in that dancing by customers is specifically excluded from the definition of entertainment for licensing purposes (§ 2802). They argue that the entertainment regulations allow customer dancing at all hours while the dancing regulations prohibit customers dancing between 2 a.m. and 6 a.m. We find the argument without merit. The entertainment provisions of Ordinance 5860 do not purport to regulate customer dancing; that activity is regulated by the dancing provisions. A commercial establishment providing dancing for its customers must obtain a dancing license. A commercial establishment providing entertainment must obtain an entertainment license. A

commercial establishment providing both dancing and entertainment must obtain both licenses. No contradiction exists, for all that the entertainment definition does is exclude customer dancing from the requirement of an entertainment license.

In upholding the validity of the ordinance our review is limited to a determination that a reasonable relationship exists between the regulation imposed and protection of the public welfare. We express no opinion on the wisdom of the regulation, its usefulness in achieving its objectives, or its merits when compared to other regulatory schemes. Such matters fall within the sphere of state and local legislative bodies, to whom proposals for other and different regulation should be addressed.

The order granting the preliminary injunction is reversed on both procedural and substantive grounds.

Roth, P. J., and Beach, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 2, 1974.