[Civ. No. 44037. First Dist., Div. Four. Apr. 18, 1979.]

OLE A. BRIX et al., Plaintiffs and Appellants, v.
CITY OF SAN RAFAEL, Defendant and Respondent.

## COUNSEL

Krause, Timan, Baskin, Shell & Grant, Marshall W. Krause and Ellen O. Pfaff for Plaintiffs and Appellants.

Harry A. Connick, City Attorney, for Defendant and Respondent.

## OPINION

**DELUCCHI, J.***—Ole A. Brix and Larrie Mead appeal from an order denying a preliminary injunction against enforcement of an ordinance of respondent City of San Rafael, regulating massage parlors.

*Assigned by the Chairperson of the Judicial Council.

The City Council of San Rafael enacted Ordinance No. 1261, which regulates the operation of massage establishments and massage services. The ordinance makes it unlawful for any individual to operate a massage establishment or engage in the practice of massage without a license issued by the city (§ 8.34.030).[1] It is provided that no massage establishment be open between the hours of 10:30 p.m. and 7 a.m. (§ 8.34.080(q)); that only massage technicians who have graduated from a recognized school of massage be permitted to administer massages (§ 8.34.060(c)); and that no massage technician or employee may expose "his or her genitals, buttocks, or in the case of a female, her breast(s)," nor, in the course of administering a massage, make intentional contact with "the genitals or anus of any other person." (§ 8.34.080(k).)

Appellants assert as follows: They would be irreparably injured by the enforcement of the ordinance because approximately 30 percent of their business occurs after 10:30 p.m.; by requiring that a massage technician be a graduate of a school of massage, the ordinance effectively and unreasonably prohibits use of trainees; and the specified standards for the dress and conduct of massage employees amount to regulation of sexual activity, an area preempted by state law.

1. The Provision Regulating the Hours of Operation for Massage Services Is Reasonable.

The authority of the City Council of San Rafael to enact Ordinance No. 1261 is unquestioned. Since 1977, state law has authorized local governments to regulate massage establishments and personnel through licensing. (Gov. Code, § 51030 et seq.) The issuance of a license may be conditioned upon "reasonable standards" which may include the hours of operation of the massage business. (Gov. Code, § 51030.)

Appellants contend that by including the word "reasonable," the Legislature intended the court to make an independent determination of whether the challenged provisions are reasonable. Thus, appellants urge, the trial court should not have deferred to the city council's judgment. The contention cannot be sustained.

Every presumption is in favor of the reasonableness of a legislative enactment. (*Justesen's Food Stores* v. *City of Tulare* (1941) 43 Cal.App.2d 616, 620-621 [111 P.2d 424].) Unless the challenged provisions are palpably unreasonable, arbitrary or capricious, they will be

---

[1]All unspecified statutory citations are to the City of San Rafael Municipal Code.

upheld as a valid exercise of the city council's police power. (See 45 Cal.Jur.3d, § 205, pp. 323-324.)

■ Although appellants recognize the city council's authority to regulate the closing hours of their massage establishment, they assert that the hours set forth in the ordinance are unreasonable and arbitrary. However, "The reasonableness of regulation . . . is dependent upon the nature of the business being regulated and the degree of threat that the operation of such business presents to the tranquility, good order, and well-being of the community at large. So long as a 'patent relationship between the regulations and the protection of the public health, safety, morals, or general welfare' exists, the regulations will be considered reasonable." (*7978 Corporation* v. *Pitchess* (1974) 41 Cal.App.3d 42, 47 [115 Cal.Rptr. 746] [closing hours on dancing establishments upheld].)

The city council could reasonably conclude that because an increase in criminal activity occurs in commercial establishments during the late evening and early morning hours, a restriction prohibiting business operation after 10:30 p.m. would serve to reduce the risk of illegal activity. Furthermore, the work pressure on the police force would be reduced by the redirection of police patrol from massage parlors to other commercial premises.[2]

The reasonableness of the ordinance is underscored by the fact that massage establishments are permitted to be open 15½ hours each day, thereby providing ample time, for any person so inclined, to obtain a massage.

Other jurisdictions which have considered this problem have held that a 10 p.m. closing hour for massage parlors is reasonable. (*City of Spokane* v. *Bostrom* (1974) 12 Wn.App. 116 [528 P.2d 500]; *Saxe* v. *Breier* (E.D. Wis. 1974) 390 F.Supp. 635.)

Appellants argue that they will be subjected to unfair competition because neighboring cities have not curtailed the hours of massage parlors. But the validity of San Rafael's ordinance does not depend upon

---

[2]During the hearing on the motion for a preliminary injunction, the Police Chief of San Rafael testified that most of the commercial burglaries occur during the late evening and early morning hours. It is the opinion of the police chief that massage parlors command an exorbitant amount of police attention in comparison to the more traditional businesses.

the laws of neighboring municipalities. (See *Lynch Meats of Oakland, Inc.* v. *City of Oakland* (1961) 196 Cal.App.2d 104, 111 [16 Cal.Rptr. 302].)

2.　The provision Requiring Only Graduates of a Recognized School of Massage Be Licensed as Massage Technicians Is Reasonable.

■　Appellants argue there is no reasonable basis for the elimination of trainees[3] as masseuses or masseurs.

During a hearing on Ordinance No. 1261, an attorney representing individual massage practitioners informed the city council members that the practice of utilizing trainees in massage parlors serves as an inducement for a trainee to engage in prostitution.[4]

Following the attorney's statement, one of the council members expressed concern over the use of trainees and concluded that requiring a person to attend massage school before becoming a licensed massage technician is not an onerous burden. At a subsequent meeting, other council members agreed. It was reasonable to conclude that the presence of untrained, inexperienced trainees in massage establishments would foster and encourage prostitution.

The regulation is a valid exercise of police powers under article XI, section 7 of the California Constitution and Government Code section 51031, subdivision (b). Although we recognize the use of trainees is provided for in other professions, we do not find the present regulation prohibiting trainees arbitrary or unreasonable. The activity which accompanies appellants' type of business presents special problems requiring

---

[3]A trainee is enrolled in an accredited school of massage and at the same time works in a massage business under the supervision of a graduate massage technician.

[4]The attorney stated the following: "The practice in San Francisco where I have more familiarity in this area is really onerous. A woman comes to work for a massage parlor in response to an ad offering a heavy salary, a large salary, start at $600.00 a month, very often advertising $900.00 a month. She's told, O.K., you have to go through this, that, and the other procedure and our San Francisco ordinance requires an application which is very, very similar to your proposed ordinance. She enrolls in school and she either pays the money out front to the school, or it's deducted from her salary. She is then given an enrollment certificate which she takes to the Chief of Police which is the equivalent of your licensing authority. She goes to work in a massage parlor with a very, very few hours of training. Uh, there is an inducement to engage in prostitution in many of the parlors in San Francisco and apparently also in the City of San Rafael. Women react to this pressure. The more ethical they are, the more likely they are to leave the employment rapidly. . . ."

special regulation. (See *7978 Corporation* v. *Pitchess, supra,* 41 Cal.App.3d 42 at p. 48.)

3.    Ordinance No. 1261 Does Not Impermissibly Intrude Into an Area Preempted by State Law.

■    Appellants assert that in regulating the dress and conduct of massage licensees the ordinance intrudes upon an area preempted by state law.[5] Appellants rely on *Lancaster* v. *Municipal Court* (1972) 6 Cal.3d 805 [100 Cal.Rptr. 609], where the California Supreme Court held that a county ordinance making it a misdemeanor to massage a person of the opposite sex for hire was invalid as an attempt to invade a field which has been preempted by the state. Stated the court: "The constant attention the Legislature has given to the criminal aspects of sexual activity establishes that, in the absence of an express statutory provision to the contrary, this area of the law is intended to be wholly within the control of the Legislature and not subject to local regulation." (*Id.,* at p. 808.)

The instant ordinance however is not a criminal statute but rather a licensing statute, imposing certain standards of conduct as a condition for holding a massage license. The city has been expressly authorized to establish such standards. Specifically, Government Code section 51031 provides that a local ordinance "may condition the issuance of a license to engage in the business of massage upon proof that a massage business meets the reasonable standards set by the ordinance, which may include, *but need not be limited to,* the following areas. . . ." (Italics added.) Moreover, in section 51034, the Legislature expressly recognizes "the existing power of a city or county to regulate a lawful massage business pursuant to Section 37101." Section 37101 authorizes the legislative body of a city to "license, for revenue *and regulation* . . . every kind of lawful business transacted in the city. . . ." (Italics added.)[6]

---

[5]Section 8.34.080(k) provides that no massage licensee shall, in the presence of any patron or customer (1) "expose his or her genitals, buttocks, or in the case of a female, her breast(s)" or (2) "intentionally make physical contact with the genitals or anus of any other person."

[6]Section 51034 recognizes the existing power of a city or county to regulate a lawful massage business pursuant to section 37101, sections 16000-16100 of the Business and Professions Code or under section 7, article XI of the California Constitution. The section goes on to place a specific limitation upon such powers by stating: ". . . nor shall anything contained in this chapter authorize a city, [or] county to prohibit a person of one sex from engaging in the massage of a person of the other sex."

Thus, with the exception of that practice attacked in *Lancaster,* the Legislature has

■ Since the city retains the power to establish licensing standards upon massage businesses for purposes of regulation, the only remaining question is whether such standards are reasonable. (Gov. Code, § 51031.) We cannot conclude that requiring massage licensees to be clothed and to refrain from making certain specified physical contact with their patrons is unreasonable. The purpose and effect of such requirements is to discourage massage establishments from degenerating into houses of prostitution. This is a valid exercise of the city's power to regulate the health, morals and welfare of the community; and the means used bears a rational relationship to the goals sought to be achieved. (See *Antonello v. City of San Diego* (1971) 16 Cal.App.3d 161, 166-167 [93 Cal.Rptr. 820].)

Affirmed.

Rattigan, Acting P. J., and Christian, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 14, 1979.

---

impliedly authorized all reasonable local regulation in the field of establishing licensing standards even though such regulation may indirectly affect certain aspects of sexual activity. It has thereby permitted a partial intrusion into a field ordinarily preempted by state law but only for the limited purpose of licensing.