Dewey DAE et al., Plaintiffs-Appellants,

v.

CITY OF ST. LOUIS et al.,
Defendants-Respondents.

No. 41202.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied March 14, 1980.

Murry A. Marks, Clayton, for plaintiffs-appellants.

Jack L. Koehr, City Counselor, Judith A. Ronzio, Asst. City Counselor, St. Louis, for defendants-respondents.

GUNN, Presiding Judge.

Appellants, the owner and four masseuses of the Morning After Spa, a St. Louis massage parlor, instituted action against the City of St. Louis to enjoin enforcement and declare unconstitutional three municipal ordinances: Ordinance No. 56859, pertaining to the licensing and regulation of massage and bath establishments; Ordinance No. 56893, prohibiting prostitution; and Ordinance No. 57249, prohibiting vagrancy. The trial court denied appellants relief; we affirm.

■ The transcript on appeal does not include Ordinance Nos. 56893 and 57249, and we do not take judicial notice of them. *City of Jennings v. Turner*, 585 S.W.2d 210 (Mo.App.1979); *Ingram v. Civil Service Commission*, 584 S.W.2d 633 (Mo.App.1979). We therefore do not review the issues relating to these two ordinances. *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82 (Mo.App. 1977). *Accord: Lewis v. Columbia Mut. Ins. Co.*, 588 S.W.2d 161 (Mo.App.1979). The content of the ordinances is assumed to support the trial court's ruling. *Empire Gas Corp.* This opinion is therefore limited to the issues anent Ordinance No. 56859— the massage establishment ordinance.

■ As two of the appellants have been charged with violation of Ordinance No. 56859, they have standing to challenge its validity. *State v. Lovelace*, 585 S.W.2d 507 (Mo.App.1979). In considering appellants' challenge, we are guided by the fundamental precept that the circumstances for enjoining enforcement of an ordinance are tightly circumscribed. Only if the ordinance is found to be unconstitutional or invalid with its enforcement resulting in an irreparable injury to a property right will injunction lie. *State ex rel. Cervantes v. Bloom*, 485 S.W.2d 446 (Mo.App.1972). In upholding the trial court's finding regarding the constitutionality of Ordinance No.

56859, we find that the injunctive relief sought by appellants was properly denied.[1]

Appellants' charge that the ordinance is unconstitutional is based on the following alleged deficiencies: (1) that it is an unreasonable exercise of police power and therefore a denial of due process and equal protection; (2) that it is void for vagueness; and (3) that it is overbroad and an invasion of their right to privacy.

Appellants argue that the licensing requirements of the ordinance are an unreasonable exercise of the police power and therefore violative of the constitutional guarantees of due process and equal protection. However, in their point relied on,[2] appellants fail to allege any improper classification or discrimination, an allegation necessary to preserve for appeal an equal protection challenge to the ordinance. *See: Shortino v. Wheeler*, 531 F.2d 938 (8th Cir. 1976), (holding that absent an allegation of improper classification or discrimination there was no judicially cognizable equal protection cause of action). We are not required nor constrained to sweep, sieve or scour through the corridors of appellants' labyrinthine brief and argument to find what lies moldering therein which would disobfuscate the abstract statement serving as the basis for a complex constitutional issue it attempts to present. *State v. McMillin*, 581 S.W.2d 612 (Mo.App.1979). We therefore respectfully decline to consider appellants' equal protection challenge.[3]

As to their due process argument, appellants concede that the regulation of massage parlors is a legitimate governmental concern for the protection of the public health and welfare but that it must be reasonable. *See: City of St. Louis v. Evans*, 337 S.W.2d 948 (Mo.1960); *Caesar's Health Club v. St. Louis County*, 565 S.W.2d 783 (Mo.App.1978), *cert. denied*, 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978). Appellants assail the ordinance requirement that an applicant for a masseur or masseuse license must have completed 70 hours of training at a recognized school of massage as being unreasonable, particularly as there is no such school in St. Louis. But other

1. On appeal, appellants argue that Ordinance No. 56859 has been preempted by Chapter 567, RSMo 1978, effective January 1, 1979, which prohibits prostitution. However, appellants filed their petition for injunctive and declaratory relief on January 14, 1977, approximately two years before the effective date of Chapter 567. The issue of preemption was therefore not before the trial court and an "appellate court does not review legal propositions not expressly decided by the trial court." *Dyer v. General American Life Ins. Co.*, 541 S.W.2d 702, 706 (Mo.App.1976).

    We also note that in *J. B. K., Inc. v. Caron*, 600 F.2d 710 (8th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), the Eighth Circuit upheld the district court's denial of injunctive relief to prevent enforcement of Chapters 567 finding the statute constitutional. The statute withstood a variety of constitutional attacks, including vagueness, overbreadth and right to privacy.

2. Appellants' point relied on provides:
    The trial court prejudicially erred in failing to rule or hold that the licensing regulations of Ordinance 56859 of the City of St. Louis are unconstitutional deprivations of appellants' rights to due process and equal protection of the laws and were therefore unreasonable exercises by the City of St. Louis of the police power granted to them because said licensing regulations are unreasonable and inappropriate for the accomplishment of the City's stated objective in regulating massage parlors and is not reasonably related to the City's attempt to discourage illicit sexual activity in massage parlors.

3. Hidden within the folds of appellants' argument is the rather interesting case of *Miller v. Carter*, 547 F.2d 1314 (7th Cir. 1977), *aff'd per curiam*, 434 U.S. 356, 98 S.Ct. 786, 54 L.Ed.2d 603 (1978). The holding of *Miller* is that an unjustified equal protection violation exists where different procedures and standards of qualification are applied to new applicants with prior criminal records as opposed to the license revocation of existing licensees, e. g., an absolute bar to a license for a new applicant convicted of certain offenses, whereas notice and hearing are provided for existing licensees convicted of the identical crimes *See*: Ordinances No. 56859, §§ 649.090 and 649.110, which seem to contain the same offending distinctions for new applicants and existing licensees condemned in *Miller*. Having found that this issue has not been preserved for appeal, we need not delve into it further, except to note that Ordinance No. 56859 does contain a severability clause. But *Miller* may cause the City of St. Louis to review its massage ordinance.

**457**

courts have held that minimal educational standards have a legitimate and reasonable purpose to protect the public from those unskilled in the administration of massage. *E. g. Saxe v. Breier*, 390 F.Supp. 635 (E.D. Wis.1974); *Valley Health Systems, Inc. v. City of Racine*, 369 F.Supp. 97 (E.D.Wis. 1973); *Brix v. City of San Rafael*, 92 Cal. App.3d 47, 154 Cal.Rptr. 647 (1979); *State v. Bales*, 343 So.2d 9 (Fla.1977); *Holt v. City of San Antonio*, 547 S.W.2d 715 (Tex. Civ.App.1977). *See also: Tomlinson v. Mayor and Aldermen of City of Savannah*, 543 F.2d 570 (5th Cir. 1976). We believe the minimal educational requirements of Ordinance No. 56859 are justifiable despite the lack of an acceptable educational institution in St. Louis. Nor are the requisites any less defensible by the ordinance's allowance of one year experience as a masseur or masseuse as a substitute for the 70 hour training condition.

■ Appellants next lodge a void for vagueness challenge. Ordinance No. 56859 prohibits the issuance of a masseur or masseuse license and provides a basis for possible revocation of an existing license of a person convicted of an offense "involving sexual misconduct with children, obscenity, keeping or residing in a house of ill fame, solicitation of a lewd or unlawful act, prostitution or pandering."[4] Appellants assert that the foregoing language and the ordinance proscription against a massage given in "a manner as to result in sexual orgasm" or in "a manner which is reasonably calculated to sexually stimulate or arouse" fail to provide an ascertainable standard of guilt. Indeed, the language of an ordinance must convey "a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *State v. Crawford*, 478 S.W.2d 314, 317 (Mo. 1972), *appeal dismissed*, 409 U.S. 811, 93 S.Ct. 176, 34 L.Ed.2d 66 (1972), quoting

from *State v. Smith*, 431 S.W.2d 74, 78 (Mo.1968). However, the Supreme Court in *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972), stated that in applying the void for vagueness doctrine "[i]n the field of regulatory statutes governing business activities, where the acts are in a narrow category, greater leeway is allowed" than to a statute applicable to the general population. Ordinance No. 56859 is a detailed licensing and regulatory scheme applicable to massage and bath establishments. In the context of the regulatory scheme, the terms "obscenity" or "house of ill fame" and "massage as to result in a sexual orgasm" and "massage which is reasonably calculated to sexually stimulate or arouse" convey sufficient warning to a masseur or masseuse as to what conduct is forbidden. *See: Metropolitan Gov't of Nashville and Davidson County v. Martin*, 584 S.W.2d 643 (Tenn.1979), (the term "loiter" in ordinance making it unlawful to permit an intoxicated person to loiter about premises where beer is sold held not unconstitutionally vague in context of regulatory ordinance applicable to beer permit holders). Furthermore, the term "obscene" has been found not to be unconstitutionally vague; *State ex rel. Wampler v. Bird*, 499 S.W.2d 780 (Mo.1973); *State v. Hollins*, 533 S.W.2d 231 (Mo.App. 1975), and the term "house of ill fame" at common law denoted a "bawdyhouse or place resorted to for the purposes of prostitution." *State v. Forbes*, 190 S.W.2d 640, 642 (Mo.App.1945); *State v. Kayser*, 552 S.W.2d 27 (Mo.App.1977), (definition of "bawdy house").[5] Appellants' vagueness challenge must necessarily fail.

■ Finally, appellants present intertwined claims that Ordinance No. 56859 is overbroad and invades their constitutional right to privacy in that the ordinance could be applied to their own private consensual

4. See discussion at n. 3 *supra* as to differences in licensing requirements between applicants and licensees.

5. *In J. B. K., Inc. v. Caron*, the court found that the definition of prostitution in Chapter 567.-010(2), RSMo 1978, effective January 1, 1979,

was not unconstitutionally vague in providing that "a person commits 'prostitution' if he engages or offers to engage in sexual conduct with another person in return for something of value to be received by the person or by a third person."

acts. By its express terms the ordinance is only applicable to activities at commercial massage and bath establishments, and appellants have made no showing that the ordinance has been applied or has been threatened to be applied to their conduct other than at the massage parlor. *Caesar's Health Club v. St. Louis County* is dispositive on both issues. *See also: J. B. K., Inc. v. Caron*, 600 F.2d 710 (8th Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980). As to appellants' overbreadth claim, "[W]here conduct and not merely speech is involved, . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Caesar's*, 565 S.W.2d at 789, quoting from *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). Here, as in *Caesar's*, the "alleged overbreadth of the ordinance is neither real nor substantial." *Caesar's*, 565 S.W.2d at 789.

Neither does the application of the ordinance intrude into appellants' private consensual acts or their protected right to personal privacy. Again, *Caesar's* is felicitous:

> And whatever may be said of the potential right of consenting adults to engage in private sexual massage activities, that, strictly speaking, is not the issue before us. Rather, it is the commercialization of such activities with which we are concerned, and it is this commercial aspect which removes them from the sphere of a protectable right of privacy. *Id.* at 787–788.

Such is the case here.

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.