**K–MART CORPORATION, Plaintiff,**

v.

**ST. LOUIS COUNTY, et al., Defendants.**

**No. 44787.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 1, 1984.

Ted L. Perryman and W. Munro Roberts, St. Louis, for plaintiff.

Daniel R. Sokol, M. Jill Wehmer, Clayton, for defendants.

SIMON, Presiding Judge.

K-Mart Corporation and United Plant Guard Workers, Local 250 (Intervenor), appeal from an order in which the trial court held St. Louis County Revised Ordinances, §§ 701.115 and 701.120, dealing with the licensing of private security personnel, to be valid and enforceable, dissolved a temporary restraining order and dismissed K-Mart's and Intervenor's petitions.

K-Mart, in its appeal, contends: (1) the trial court erred in holding the ordinances to be valid and enforceable in that: (a) the adoption of the ordinances invades the legislative jurisdiction of the state; (b) the ordinances represent an unlawful delegation of legislative authority to the St. Louis County police Board and the superintendent of police; (c) the ordinances are vague and overbroad thereby violating the due process clause of the Fourteenth Amendment; (d) the ordinances are unreasonable thus denying due process pursuant to the Fourteenth Amendment; and (2) the court erroneously declared or applied the law in granting judgment for St. Louis County because the ordinances do not apply to K-Mart and its employees.

Intervenor filed a supplemental brief to K-Mart's brief expanding point (1)(b) and adding an additional point, (1)(e), contending that the trial court erred in holding the ordinances to be valid and enforceable in that the ordinances' requirement of employment as a condition to obtaining a license violates the equal protection clause by discriminating between the employed and unemployed.

K-Mart Corporation is engaged in the retail sale of goods to the public within St. Louis County, Missouri, and other neighboring counties in Missouri and Illinois. Intervenor is a labor union whose members are employed or seek employment as private watchmen, private policemen, security guards and the like in St. Louis County and the St. Louis area.

To serve its customers and protect its business interests, K-Mart employs several individuals in each of its retail stores as security personnel. Although these employees are employed to perform these duties, all employees of K-Mart, including managers, clerks and maintenance personnel are charged with the responsibility of providing protection and security for K-Mart's premises and customers. K-Mart's employees provide security only for K-Mart stores and K-Mart premises. The security personnel, store managers and assistant managers do not carry any type of weapons, but are authorized by K-Mart to detain persons for shoplifting. St. Louis County police arrested two of K-Mart's security employees for violation of § 701.115 St. Louis County Revised Ordinances for acting as security officers without a license.

The applicable ordinances provide:

Section 701.115. Private Watchman License, Required. No person shall act as a private watchman, private detective, private policeman, private investigator, security guard, or the like, without first obtaining a private watchman's license from the Superintendent of Police. No person, firm, corporation, or organization shall employ any individual as a private watchman, private detective, private policeman, private investigator, security guard, or the like unless such individual shall have obtained a private watchman's license from the Superintendent of Police. (O. No. 6569–12/14/72).

701.120. Violation, Penalties.—Any person convicted of violating any provision of this Chapter shall be fined not more than One Thousand Dollars ($1,000.00) or imprisoned in the County Jail for not more than one (1) year, or both. If any person so convicted is an officer or employee of the County he shall thereupon forfeit his office or employment. (O. No. 4866–11/14/68).

These ordinances find their origin in a 1978 amendment to the County's charter, which states:

The board [St. Louis County's Board of Police Commissioners] shall have the power to regulate and license all private watchmen, private detectives and private police serving or acting in the County and no person shall act as such without first having obtained such license as authorized by law or by ordinance. Penalties for the violation of regulations promulgated by the Board under this subsection shall be prescribed by ordinance. From and after the effective date of this subsection, no municipality within the County shall enact or enforce any regulation or license of private watchmen, private detectives or private police.

When K-Mart's employees attempted to secure licenses from the county's superintendent of police, they were informed that, because of a backlog of 60 days, they could not be admitted to the training school operated by the county, a prerequisite to licensing. They were further informed they could not work during this time without a license, and if they did so, would be in violation of the ordinance.

As a result, K-Mart filed its petition in the Circuit Court of St. Louis County, seeking injunctive relief, both temporary and permanent, and a declaratory judgment declaring the ordinances void and unenforceable. A temporary restraining order and an order to show cause was issued. In its return to the order to show cause, the county moved to dismiss K-Mart's petition. Intervenor was granted permission to intervene and filed a petition for a temporary restraining order, permanent injunction and declaratory judgment. Intervenor alleged that §§ 701.115 and 701.120 of the St. Louis County ordinances ostensibly applied to Intervenor's members and that the county purported to have the duty and authority to enforce those ordinances against Intervenor's members and had expressed its intent to proceed with such enforcement unless Intervenor's members complied with the requirements of the ordinances.

The motion to dismiss was overruled, and the county answered alleging that the ordinances were constitutional and within the county's power.

Prior to the hearing, the parties entered into a stipulation of facts, which have been set forth. The stipulation also provided that the superintendent of police, with the approval of the Board of Police Commissioners of St. Louis County, promulgated a manual of rules and procedures. The manual was attached as an exhibit. The manual governs and regulates the licensing of watchmen and security officers, the discipline of such officers, license suspension, license revocation, inspection and dress codes.

The court entered its order and memorandum finding the issues in favor of the county and against K-Mart and Intervenor finding that §§ 701.115 and 701.120 of the St. Louis County Revised Ordinances "are valid and that the St. Louis County Police Department's rules governing the licensing of private security personnel are not unreasonable as applied to the security personnel." The trial judge dissolved the temporary restraining order and dismissed the petition of K-Mart and Intervenor.

The trial court sustained K-Mart's and Intervenor's motions to stay the order of dissolution and dismissal pending appeal, and each filed a notice of appeal. Any other facts necessary to the disposition of the points will be set forth as necessary.

■ K-Mart initially contends the ordinances invade the legislative jurisdiction of the state in that the county is not empowered to regulate and license private watchmen without authorization by the legislature or the Missouri Constitution.

The county's power is determined by Article VI, § 18 of Missouri's Constitution. *State ex rel. Shepley v. Gamble*, 365 Mo. 215, 280 S.W.2d 656, 659 (1955). Section 18(a) permits a county, such as St. Louis County, to adopt a charter for its own government. St. Louis County adopted such a charter in March, 1950. Section 18(b) requires the county charter to "provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of coun-

ties and county officers prescribed by the constitution and laws of the state." Section 18(c), in pertinent part, allows a county charter to "provide for the vesting and exercise of legislative power pertaining to any and all services and functions of any municipality or political subdivision, except school districts ....".

■ St. Louis County has the power to establish a Department of Police with duties relating to law enforcement activities. *Gamble*, supra, 280 S.W.2d at 662. Does this include licensing and regulating private security? We conclude it does. In *Frank v. Wabash Railroad Company*, 295 S.W.2d 16, 20 (Mo.1956), it is stated:

A policeman is the legal equivalent of the "watchman" at common law who possessed the power of arrest now vested in what we refer to as peace officers. "Police power" is not synonymous with "police force," and a city may supplement the police protection which it provides by authorizing, under appropriate regulations, private persons to perform some of its police functions. In our opinion this is what was done in this case. By licensing Gillispie as a private watchman the City of St. Louis delegated to him and invested him with the authority, but as limited in the license, of a "watchman" as that term was known at common law or of a policeman as that term is now known. (citations omitted).

■ Since the county has the authority to provide police protection, *Gamble*, supra, 280 S.W.2d at 662, it logically follows that it has the authority to regulate private security personnel as part of its police power. See, *Frank*, supra, at 20; *ABC Security Service, Inc. v. Miller*, 514 S.W.2d 521 (Mo.1974). Accordingly, we hold the ordinances to be valid. K-Mart and Intervenor rely on *Flower Valley Shopping Center, Inc. v. St. Louis County*, 528 S.W.2d 749 (Mo. banc 1975), but their reliance is misplaced. It is important to note that the ordinances in *Flower Valley* required private concerns to provide police protection. This is significantly different than ordi-

nances licensing and regulating private concerns providing police protection. When private concerns take on an activity of the county, then the county has an interest in regulating the private involvement.

K-Mart, in its next point, contends the ordinances unlawfully delegate legislative authority of the county's legislative body to an administrative body, the Board of Police Commissioners of St. Louis County. In *ABC Security Service,* supra, our Supreme Court was confronted by the issue of whether the authority to regulate private security without any restrictions, guidelines or conditions given to the Board of Police Commissioners of the City of St. Louis by § 84.340 RSMo (1978) was an unconstitutional delegation of legislative power by the state legislature. The court stated, at 524–525[3–5]:

> [A]n ordinance ... which vests discretion in administrative officials must, generally stated, include standards for their guidance in order to be constitutional ... The courts recognize three general exceptions to the strict rule which requires the inclusion of standards in an ordinance or statute when a delegation is made to an administrative body: (1) where the ordinance or statute deals with situations which require the vesting of some discretion in public officials, and where it is difficult or impracticable to lay down a definite, comprehensive rule; (2) where the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety and general welfare; (3) where personal fitness is a factor to be taken into consideration. (citations omitted).

Section 701.115 of the St. Louis County Ordinances is an exercise of the police power necessary to the protection of the public's morals, health, safety and general welfare and meets the exception to the general rule as stated in *ABC Security Service.*

K-Mart, in its third point, contends the ordinances are violative of due process guarantees in that the language of the ordinances is vague and overbroad.

The standard applicable to this type of attack is " 'whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' " *State v. Crawford,* 478 S.W.2d 314, 317 (Mo. 1972); *Dae v. City of St. Louis,* 596 S.W.2d 454, 457[7, 8] (Mo.App.1980). This standard is applied in light of the presumption that the ordinance is constitutional and the proposition that unless it is "clearly and undoubtedly" violative of a constitutional provision, it will not be declared unconstitutional. *Crawford,* supra, at 316. Further, where the regulation pertains to business activities, which § 701.115 of the St. Louis County Ordinances primarily would, rather than to the general public, the standard is less restrictive. *Dae,* supra, at 457[7, 8].

Here, the ordinance conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Further, K-Mart has failed to present sufficient evidence or argument to overcome the constitutional presumption and the language is not clearly vague and overbroad.

K-Mart next contends the ordinances violate due process guarantees in that they are unreasonable. This issue was discussed in *Bellerive Investment Co. v. Kansas City,* 321 Mo. 969, 13 S.W.2d 628, 634 (1929). *See also, Flower Valley,* supra, at 753–54[1]. We find that these ordinances are fairly referable to the police power of the county and enacted for the protection of the peace, comfort, safety, health, morality and general welfare of the county's inhabitants, and are reasonable exercises of the police power under the standard enunciated in *Bellerive* and followed in *Flower Valley,* supra.

Intervenor contends the ordinances and the regulations violate the equal protection guarantee of the U.S. Constitution in that they discriminate between persons who have obtained employment and those who have not by requiring that an individual find a job before becoming eligible to apply for a license. The manual requires that an

applicant submit a letter from a prospective employer stating the employer intends to hire the applicant after successful completion of the licensing process.

One claiming an ordinance, regulation or statute unconstitutional based on the equal protection clause of the Fourteenth Amendment carries the burden of showing no reasonable basis for the provisions and that the provisions are arbitrary. *Bellerive,* supra, 13 S.W.2d at 637–38[10–12]; *American Motorcyclist Ass'n v. City of St. Louis,* 622 S.W.2d 267, 269[2–5] (Mo. App.1981). Where the police power is involved, as here, the regulation enjoys a presumption of constitutionality. *Bellerive,* supra, 13 S.W.2d at 639[17, 18]; *Craig v. City of Macon,* 543 S.W.2d 772, 775[6, 7] (Mo. banc 1976). Intervenor has failed, in the record and in its brief, to meet its burden of showing the regulation to be arbitrary and not founded on any reasonable basis. *Craig,* supra, at 775[6, 7]; *ABC Security Service,* supra, at 525–26.

K-Mart's final contention is that the trial court erroneously declared or applied the law in granting judgment for St. Louis County. Otherwise stated, assuming the charter amendment, ordinances and regulations are valid (which we have so found), the ordinances do not apply to K-Mart in that only employers hiring personnel to protect third persons and their property on premises other than the employers' are subject to the provisions. K-Mart would have us conclude the provisions are not applicable to entities, such as K-Mart, which are hiring personnel to be employed on their own premises. Further, K-Mart contends the sanction contained in § 701.-120 of the St. Louis County Ordinances is inapplicable to a corporation like itself since only the term "person" is used.

We conclude the ordinances to clearly include a corporation hiring individuals as security personnel to patrol its own premises. The express language of § 701.115 states, in pertinent part: "No person, firm, corporation or organization shall employ any individual as a private watchman, private detective, private policeman, private investigator, security guard, or the like unless such individual shall have obtained a private watchman's license from the Superintendent of Police." This provision obviously prohibits a corporation from hiring unlicensed security personnel. There is no distinction between an employer utilizing its own employees to protect its premises and a private security concern hired to protect another's premises.

The penalty for a violation is provided in § 701.120. It is not significant, as K-Mart contends, that the term "person" is only used in § 701.120 of the ordinances and is not found in § 701.115 of the ordinances. The ordinances must be construed in pari materia. Further, § 1301.040 of the St. Louis County Revised Ordinances provides, "... unless the context *requires* otherwise, the following terms mean: .... 4. 'person', may extend and be applied to bodies politic and *corporate,* and to partnerships and other unincorporated associations." (emphasis added). Accordingly, K-Mart's point is not meritorious.

Judgment affirmed.

GAERTNER and STEPHAN, JJ., concur.