**William David CARROLL and Diane Carroll, Plaintiffs–Respondents,**

v.

**BOARD OF POLICE COMMISSIONERS, St. Louis County Police Department, St. Louis County Private Security Advisory Committee and St. Louis County, Defendants–Appellants.**

No. 55105.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 18, 1989.

Robert E. Fox, Jr., Clayton, for defendants-appellants.

Frank Susman, Katherine Butler, Clayton, for plaintiffs-respondents.

STEPHAN, Judge.

The Board of Police Commissioners, the St. Louis County Police Department, the St. Louis County Private Security Advisory Committee, and St. Louis County appeal from the judgment of the circuit court which reversed the decision of the St. Louis County Private Security Advisory Committee denying respondents William David Carroll and Dianne Carroll polygraph examiner's licenses. We reverse.

In June 1987 each respondent submitted an application for a polygraph examiner's license to the Superintendent of Police of St. Louis County. Both respondents were informed by letter of July 8, 1987, that their applications for private watchmen's license had been denied because neither possessed "minimum qualifications and training as specified for the license." The Private Security Advisory Committee, a five member committee authorized to hear and decide appeals from such decisions, affirmed the denials. Each respondent then filed a petition for review in the St. Louis County Circuit Court contesting the denials.

The trial court found that "the interpretation given § 701.115 *et seq.* of the St. Louis County Code exceeds the powers conferred on the Board of Police Commissioners by § 4.270, St. Louis County Charter, in as much as the Court finds that polygraph examiners are not explicitly nor implicitly included in § 4.270(8) of the Charter." The court concluded that the portion of St. Louis County Ordinance § 701.115 applying to polygraph examiners was invalid.

Appellants challenge the decision of the circuit court on four grounds. They claim, first, the court's finding that § 701.115 of the St. Louis County Revised Ordinances (SLCRO) (1974), as amended, was invalid as applied to polygraph examiners was erroneous because the section of the ordinance requiring the licensing of polygraph examiners is properly within the powers and duties granted to the Board of Police Commissioners under Article IV, Section 4.270.-7(8) of the St. Louis County Charter (1979). They state, alternatively, Ordinance No. 13, 261, the ordinance enacting the current § 701.115, was a proper exercise by St. Louis County of its police powers. Third, they emphasize that substantial and competent evidence supported the decision by the Private Security Advisory Committee denying polygraph examiners licenses to respondents. Their final point asserts that respondents' failure to raise their objections to the training requirements and standards for polygraph examiners at the first opportunity before the administrative hearing board, the Private Security Advisory Committee, precludes judicial review of such challenge.

The essence of appellant's first point is whether the ordinance requiring licensing of polygraph examiners exceeds the powers and duties granted by Charter to the Board of Police Commissioners. Section 4.270.7(8) of the St. Louis County Charter (1979) expressly provides the board of po-

lice commissioners shall have the power and duty "to regulate and license all *private watchmen, private detectives* and *private police* serving or acting in the county and no person shall act as such without first having obtained such license as authorized by law or by ordinance." (Emphasis added). The county ordinance enacted by Ordinance No. 13, 261 provides "[n]o person shall act as a *private watchman, private policeman, private investigator, security guard, polygraph examiner,* or the like, without first obtaining a private watchman's license from the Superintendent of Police." § 701.115 SLCRO. (Emphasis added). Unlike the Charter, the ordinance uses "private investigator" instead of "private detectives" and it adds both "security guard" and "polygraph examiner" to the litany of those occupations which the Board of Police Commissioners may regulate.

Appellants have crystallized their first point as simply whether or not a "polygraph examiner" falls into the category of "private detectives". Appellants observed that the words of the charter and its provisions are "presumed to be their natural and ordinary meaning" and that the "ordinary, and commonly understood meaning is derived from the dictionary." *Roberts v. McNary,* 636 S.W.2d 332, 335 (Mo. banc 1982). After consulting *Webster's Third New International Dictionary,* Unabridged (1969), for the meaning of "detective", "detection", "polygraph" and "examiner", appellants define a polygraph examiner as "a person who inspects the answers from a sophisticated machine, commonly known as a lie detector, of questions put to a person who is under suspicion of guilt or is questioned as if under suspicion of guilt." Elsewhere they characterize a polygraph examiner as a "private detective who uses sophisticated machinery to detect the truth or deception of a person from statements of that person in answer to questions asked of that person who is under investigation." Based on their definition, they interpolate "private detective" as used in the charter to include "polygraph examiner", as used in the county ordinance.

The primary rule of statutory construction is to ascertain the intent of the law-makers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue,* 707 S.W. 2d 397, 401 (Mo. banc 1986). Respondents argue the "plain and ordinary meaning" of "private watchman", "private detective", "private investigator" and "security guard" are not synonomous with or similar to that of a "polygraph examiner". Respondents further observe that prior to adoption of the present challenged ordinance in 1987, its predecessor ordinance, § 701.115 SLCRO (1972), faithfully tracked the Charter provisions. They conclude the 1987 amendment expands the scope of coverage beyond that authorized by § 4.270.7(8) of the St. Louis County Charter and improperly grants to the Superintendent of Police the power to license polygraph examiners.

Without expressly pronouncing on the issue whether the term "private detective" is broad enough to include "polygraph examiner", we believe that the authority of the Board of Police Commissioners to license and regulate the latter classification is implicit in the Charter. Section 4.270.7 of the Charter also provides that the board of police commissioners shall have the powers and duties: "(1) to formulate policies governing the operation and conduct of the department of police," and, more importantly, also "(7) to have such other powers and duties with respect to *police administration and law enforcement as the council may by ordinance provide.*" (Emphasis added). Likewise, "the superintendent and the department of police shall enforce the ordinances and orders of the council and have such other powers and duties as may be provided by ordinance including, but not limited to, the performance of police duties in incorporated areas of the county under contract authorized or entered into by the council with the governing body of any such incorporated area." Section 4.275.2, St. Louis County Charter.

The Charter also confers the police power to St. Louis County in Article I, Sections 1.030 and 1.040 granted to first class charter counties by Article VI, Section 18(c) of

the Missouri Constitution (1945), as amended. Furthermore, Article I, Section 1.040 of the Charter expressly provides: "The powers of the county under this charter shall be construed liberally in favor of the county, and the specific mention of particular powers in this charter or in any law shall not be construed as limiting in any way the general powers stated in this article." Article II, Section 2.180 of the Charter empowers the County Council, *inter alia*, to "[e]xercise legislative power pertaining to public health, police and traffic, building construction, and planning and zoning, in the part of the county outside incorporated cities, and on such other subjects as may be authorized by the constitution or by law." Based on the foregoing authority, we believe the County Council properly exercised its police power by enacting legislation regulating the licensing of polygraph examiners and that the County Council properly exercised such power in delegating the ministerial task to the Board of Police Commissioners as one of its duties.

As observed by this court in *Meyer v. St. Louis County*, 602 S.W.2d 728, 734 (Mo. App.1980), quoting *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection District*, 513 S.W.2d 736, 738[5] (Mo.App. 1974):

> The police power is one to be exercised within wide limits of legislative discretion and if [an ordinance] appears to be within the apparent scope of this power, the courts will neither inquire into the wisdom of the grant of power nor substitute its discretion for that of the legislature.

The ordinance, like that in *Meyer* involving the licensing of tow truck drivers, has the promotion of the general welfare as its apparent objective. Adopting a licensing requirement for polygraph examiners is an appropriate means to assure the integrity and competency of those administering the test. "The police power is such that any trade, calling or occupation may be reasonably regulated in the interest of the public welfare if the general nature of the business is such that, unless regulated, many persons may be exposed to hazards and misfortunes against which the legislative

body can properly protect them." *McClellan v. Kansas City*, 379 S.W.2d 500, 504 (Mo. banc 1964), quoting *ABC Liquidators, Inc. v. Kansas City*, 322 S.W.2d 876, 883 (Mo.1959). This objective is clearly and closely related to the public health, safety and welfare. The predecessor of the current Section 701.115 which required the licensing of private security personnel but did not include "polygraph examiners", was upheld as a proper exercise of the police powers necessary to the protection of the public's morals, health, safety, and general welfare. *K–Mart Corp. v. St. Louis County*, 672 S.W.2d 127, 132 (Mo. App.1984). We do not believe the addition of "polygraph examiners" in the current ordinance, Section 701.115 SLCRO (1974) as enacted by Ordinance No. 13, 261, alters the propriety of that earlier holding. We conclude that the St. Louis County Council properly exercised its police power and did not abrogate its authority by delegating such duty to the province of the Board of Police Commissioners. Our determination renders any further discussion of appellants' remaining points unnecessary.

Judgment reversed.

SMITH, P.J., and SATZ, J., concur.